ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ROSA LYDIA SANTIAGO DE LA ROSA<br><br>Recurrida<br><br>v.<br><br>FRANCISCO RAMOS TORRES<br><br>Peticionario | TA2026CE00258 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Municipal de Mayagüez<br><br>Caso Núm.: MZ2026MU00106<br><br>Sobre: Orden de Protección (Ley Núm. 54-1989) |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de marzo de 2026.

Comparece Francisco Ramos Torres ("señor Ramos Torres" o "Peticionario") mediante *Petición de Certiorari Civil* y nos solicita que revisemos una *Orden de Protección* dictada el 29 de enero de 2026, por el Tribunal de Primera Instancia, Sala Municipal de Mayagüez ("TPI"). En virtud del aludido dictamen, el TPI decretó una orden de protección final a favor de Rosa Lydia Santiago de la Rosa ("señora Santiago de la Rosa" o "Recurrida") en contra de su esposo, el señor Ramos Torres, por un término de tres (3) meses.

Por los fundamentos que proceden, se *expide* el auto de *certiorari* solicitado y se *confirma* la determinación recurrida.

**I.**

El 13 de enero de 2026, la señora Santiago de la Rosa presentó una *Petición de Orden de Protección* en contra del señor Ramos Torres, al amparo de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como la "Ley para la Prevención e Intervención con la Violencia Doméstica" ("Ley 54-1989"), 8 LPRA sec. 601. En síntesis, alegó que el peticionario no había aceptado que la relación entre ambos había terminado.

En igual fecha, el TPI expidió una *Orden de Protección Ex Parte,* con una vigencia hasta el 29 de enero de 2026. El foro de instancia determinó que el

peticionario había demostrado un patrón de acecho y control. Precisó que, el 12 de enero de 2026, se personó en la escuela donde trabaja la señora Santiago de la Rosa, bloqueó su vehículo y procedió a gritarle frente al guardia de seguridad y a los padres allí presentes. Añadió que el peticionario realizó publicaciones difamatorias en las redes sociales en las cuales alegó tener evidencia de una presunta infidelidad de la recurrida. Expuso, a su vez, que llegó a la residencia de los padres de la señora Santiago de la Rosa, con la intención de que escucharan una grabación de una conversación sostenida entre la recurrida y una amiga, y les indicó que se quería divorciar. Puntualizó que, tanto la señora Santiago de la Rosa, como sus dos (2) hijas menores de edad, temen por su seguridad. Ante ello, el foro de instancia concluyó que el señor Ramos Torres había incurrido en maltrato verbal y emocional.

Tras varias instancias, el 29 de enero de 2026, se celebró la vista final. Ese mismo día, el TPI dictaminó una *Orden de Protección* Final, con una vigencia desde el 29 de enero de 2026 hasta el 29 de abril de 2026. Aquilatada la prueba testifical, el foro de instancia dispuso que el señor Ramos Torres incurrió en manifestaciones de maltrato psicológico o emocional en contra de la señora Santiago de la Rosa. A su vez, estableció los siguientes hechos:

> Las partes están legalmente casados. No procrearon hijos. La peticionaria terminó la relación el 19 de diciembre de 2025. El 12 de enero de 2026, el [peticionario] se encontró con la [recurrida] de frente en la carretera, viró y continuó la marcha detrás de ella, se estacionó al lado de su vehículo en el estacionamiento de la escuela en la que ésta trabaja. El [peticionario] bajó el cristal y le dijo que si hubiera actuado de otro modo las cosas se habrían arreglado, que le den lo que él no le dio. Luego se marchó del lugar en forma brusca. La [recurrida] sintió confusión y miedo, por lo que llamó a la policía. Considerado lo anterior este Tribunal determina que el peticionario incurrió en maltrato según dispuesto en el Art. 3.1 de la Ley para la prevención e intervención con la violencia doméstica.[1]

Inconforme, el 6 de febrero de 2026, el peticionario instó una *Moción Solicitando Reconsideración*, la cual fue denegada mediante *Orden* dictada el 10 de febrero de 2026, notificada el día siguiente. Insatisfecho aún, el 3 de marzo de 2026, el señor Ramos Torres acudió ante nos mediante *Petición de Certiorari Civil*. El peticionario realizó el siguiente señalamiento de error:

**Erró el Tribunal de Primera Instancia al concluir que los hechos narrados en la vista final configuran maltrato emocional o**

---

[1] Apéndice del recurso, Anejo Núm. 1.

**psicológico al amparo del Artículo 3.1 de la Ley 54-1989, según enmendada, cuando del propio testimonio surge que no existió amenaza, agresión física, persecución, ni conducta que razonablemente pudiera causar temor de daño inmediato.**

El 4 de marzo de 2026, este Tribunal emitió una *Resolución* en virtud de la cual le ordenamos a la TPI a presentar ante nos la regrabación de la vista celebrada el 29 de enero de 2026. A su vez, le concedimos a la parte recurrida un término de diez (10) días para presentar su alegato en oposición. En cumplimiento, el 12 de marzo de 2026, el foro de instancia presentó la regrabación peticionada. Así, pues, transcurrido el término otorgado a la recurrida para la presentación de su alegato en oposición, damos por perfeccionado el recurso y procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados*, 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende, en gran medida, de la exposición del juzgador de los hechos a la prueba presentada, lo cual incluye, ver el comportamiento del testigo y escuchar su voz, mientras ofrece su testimonio. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* 209 DPR 759, 778 (2022). De ahí que, los tribunales apelativos no debemos intervenir con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, salvo que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Íd.* Cuando la alegación es de pasión, prejuicio o parcialidad, el llamado a los foros apelativos es verificar, primordialmente, si el juzgador de los hechos cumplió con su función de adjudicar de manera imparcial. *Gómez Márquez et al. v. El Oriental Inc.*, 203 DPR 783, 793 (2020). Solo así podremos apoyar sus determinaciones de hechos. *Íd.*

Por otro lado, constituye error manifiesto cuando, de un análisis de la totalidad de la evidencia, el foro apelativo se convence de que se cometió un error, independientemente de que exista evidencia que sostenga las conclusiones de hecho del Tribunal. *Íd.* De manera que, la facultad de los foros apelativos para sustituir el criterio de los tribunales de instancia se limita a aquellos escenarios, en los cuales, de la prueba admitida no surge base suficiente que apoye su determinación. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* supra. Como se sabe, las diferencias de criterio jurídico no alcanzan dicho estándar. *Íd.*

Ahora bien, cabe destacar que, en ausencia de evidencia oral, el Tribunal de Apelaciones carece de los elementos para descartar la apreciación razonada y fundamentada de la prueba que realizó el Tribunal de Primera Instancia. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011).

Como vemos, nuestro esquema probatorio está revestido de un manto de deferencia hacia las determinaciones de credibilidad que realizan los juzgadores de instancia, con respecto a la prueba testifical presentada ante sí. *Pueblo v. Arlequín Vélez,* 204 DPR 117, 146-147 (2020). Lo anterior, en reconocimiento a la oportunidad que tiene el foro primario de ver y observar a los testigos declarar, de poder apreciar sus gestos, titubeos, contradicciones, manerismos, dudas, vacilaciones con el efecto de ir formando gradualmente, en su conciencia, la convicción sobre si dicen o no la verdad. *Íd.,* págs. 857-858.

**-C-**

La Ley 54-1989, *supra,* fue adoptada con el propósito de establecer medidas con el fin de prevenir y disminuir la violencia doméstica. *Pizarro v. Nicot,* 151 DPR 944, 952 (2000). Para poder lograr los propósitos de la Ley, esta autoriza a cualquier persona que haya sido víctima de violencia doméstica o de conducta constitutiva de delito, en el contexto de una relación de pareja, a radicar una petición en el tribunal y solicitar una orden de protección, sin que sea necesaria la radicación previa de una denuncia o acusación. Art. 2.1 de la Ley 54-1989, 8 LPRA sec. 621.

Como corolario, el estatuto le confiere al Tribunal la facultad para que, mediante un procedimiento expedito, dicte órdenes dirigidas a los agresores,

para que se abstengan de incurrir en determinadas conductas con respecto a las víctimas. *Íd.* Nuestro máximo foro ha expresado que "como integrantes de la Rama Judicial, estamos comprometidos a contribuir a erradicar de nuestra sociedad este grave problema". *In re Santiago Concepción,* 189 DPR 378, 406 (2013).

Atinente a la controversia ante nos, el Art. 3.1 de la Ley 54-1989, 8 LPRA sec. 631, tipifica el delito de maltrato de la siguiente manera:

> Toda persona que empleare fuerza física o **violencia psicológica** o económica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, para causarle daño físico a su persona, al animal de compañía o mascota de la víctima, de los hijos o del victimario, a los bienes apreciados por esta, excepto aquellos que pertenecen privativamente al ofensor, o a la persona de otro o **para causarle grave daño emocional**, incurrirá en delito grave de cuarto grado en su mitad superior. No será necesaria la prueba de un patrón de conducta para que se constituya el delito de maltrato. El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.
>
> La violencia psicológica también ocurrirá cuando se utilice cualquier tipo de comunicación electrónica o digital, mediante mensajes de texto, correo de voz, correos electrónicos, o redes sociales, o cualquier otro medio digital, incluyendo sistemas de rastreo satelital, que tenga el efecto de acosar, perseguir, intimidar, o afligir a una persona con quien se sostiene o se haya sostenido una relación de pareja, o la persona con quien cohabita o haya cohabitado. Para que se constituya la violencia psicológica mediante violencia digital o cibernética, no será necesario la prueba de un patrón de conducta.

(Énfasis suplido)

A su vez, en lo aquí pertinente, el estatuto define la violencia psicológica como "aquella conducta ejercitada en deshonra, descrédito o menosprecio al valor personal, limitación irrazonable al acceso y manejo de los bienes comunes, chantaje, vigilancia, persecución, aislamiento [...]". Art. 1.3 de la Ley 54-1989, *supra.*

### III.

En el caso de autos, el TPI emitió una *Orden de Protección* en contra del señor Ramos Torres, por un periodo de tres (3) meses, tras determinar que incurrió en maltrato, según dispuesto en el Art. 3.1 de la Ley 54-1989, *supra.* El peticionario arguye que del testimonio de la recurrida no surgen hechos constitutivos de amenaza, agresión física, persecución o conducta que

razonablemente pudiera ocasionar un temor de daño inmediato. Por tanto, razona que el foro de instancia incidió al concluir que los hechos narrados configuran maltrato emocional o psicológico.

Justipreciada la regrabación de la Vista Final, constatamos que, el 12 de enero de 2026, el señor Torres Ramos incurrió en violencia psicológica contra la señora Santiago de la Rosa. Conforme se desprende, en horas de la mañana, mientras ambas partes manejaban a sus respectivos trabajos, el peticionario divisó a la recurrida por la vía de tránsito. Como acto seguido, el señor Torres Ramos procedió a realizar un viraje en "U", con la intención de perseguir a la señora Santiago de la Rosa hasta su lugar de empleo. Una vez dentro de la escuela donde labora la recurrida, el peticionario estacionó su vehículo al lado del de la señora Santiago de la Rosa. Consecuentemente, el señor Torres Ramos bajó la ventana de su auto y comenzó a vociferar expresiones relacionadas a la separación matrimonial de las partes. Ante el suceso, la señora Santiago de la Rosa testificó que sintió temor y confusión.

Según definido por la normativa estatutaria, el maltrato incluye aquellas conductas constitutivas de violencia psicológica. Tras un examen sosegado de la prueba testifical, somos del criterio que el foro de instancia no incidió al concluir que las acciones del peticionario implicaron maltrato psicológico o emocional. Advertimos que el Tribunal tiene el deber de expedir aquellas medidas preventivas necesarias para evitar la violencia doméstica en todas sus vertientes.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia,* se *expide* el auto de *certiorari* solicitado y se *confirma* la *Orden de Protección* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones